IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Roy Allen Roberts, | ) |
|  Plaintiff, | ) C/A No. 0:11-002-TMC-PJG |
| v. | ) **OPINION & ORDER** |
| Cpl. Charlie Sumner, | ) |
|  Defendant. | ) |

Plaintiff, an inmate proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983. On May 2, 2011, Plaintiff filed a Motion for Preliminary Injunction (Dkt. # 20). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On November 7, 2011, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") recommending Plaintiff's Motion for a Preliminary Injunction (Dkt. # 20) be denied. (Dkt. # 59). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 59 at 4). On November 18, 2011, Plaintiff filed objections to the Magistrate Judge's Report. (Dkt. # 63).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's

report to which objections have been filed. *Id.* The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The court has carefully reviewed Plaintiff's objections and finds that his objections are without merit. Initially, the court notes that Plaintiff states that he is withdrawing his motion as far as requesting the removal of Defendant Sumner from his employment with the South Carolina Department of Corrections. (Objections at 1). Plaintiff, however, states that he is still seeking injunctive relief in the form of an order prohibiting his transfer from the Tyger River Correctional Institution. *Id.* Plaintiff then contends that he is likely to be successful in this action, he and his mother have suffered irreparable harm, a transfer would be costly and serve no purpose, and there are equitable reasons for granting the preliminary injunction.

The Magistrate Judge properly conducted an analysis of Plaintiff's Preliminary Injunction Motion pursuant to the test outlined by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and Plaintiff fails to specifically argue where the Magistrate Judge erred in that analysis. Further, as the Magistrate Judge noted, the functions of prison management are generally left to the broad discretion of prison administrators to enable them to manage prison safely and effectively. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore

**ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Dkt. # 20) is **DENIED.**

    **IT IS SO ORDERED.**

                                           s/Timothy M. Cain
                                           United States District Judge

December 6, 2011
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.