IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Roy Allen Roberts, | ) | C/A No. 5:11-2-TMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Cpl. Charlie Sumner and Capt. Gregory Peake, | ) | |
| Defendants. | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his civil rights. This matter is before the court on the Motion for Summary Judgment filed by Defendant Sumner[1] on October 3, 2011. ECF No. 42. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[2] on October 4, 2011, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response to Defendant's Motion for Summary Judgment. ECF No. 44. Plaintiff responded to Defendant's Motion for Summary Judgment on October 12 and 27, 2011, making this motion ripe for consideration. ECF Nos. 48, 56. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

---

[1] The court dismissed Defendant Peake on October 25, 2011. *See* ECF No. 53.
[2] On October 4, 2011, United States Magistrate Judge Paige J. Gossett, entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

1

73.02(B)(2)(d) and (e), D.S.C.[3] Because this motion is dispositive, a Report and Recommendation is entered for the court's review.[4]

I. Background

Plaintiff Roy Allen Roberts is an inmate currently incarcerated at Tyger River Correctional Institution. ECF No. 1 at 2. Plaintiff filed his initial Complaint on January 1, 2011, ECF No. 1, but moved to amend/correct his Complaint on June 20, 2011, ECF No. 25. The court granted the motion, and Plaintiff submitted an Amended Complaint on August 26, 2011, ECF Nos. 36, 38. In his Complaints, Plaintiff claims that he has been denied due process regarding an April 2010 disciplinary charge and hearing, as well as violations of South Carolina state law. ECF Nos. 1, 38.

Plaintiff specifically contends that on or about March 2, 2010 he observed Defendant Sumner dancing and playing with the younger inmates. ECF No. 1-1 at 2. Plaintiff states that he told Sumner to "grow up and act like a professional" and later other inmates told Plaintiff that Sumner was "mad as hell" and said that "he was going to get [Plaintiff's] fat ass." *Id*. Plaintiff contends Sumner subsequently began to charge Plaintiff with disciplinary violations and voiced his anger towards Plaintiff to other inmates telling them "somehow [Sumner] was going to get [Plaintiff]." *Id.* Plaintiff contends that on April 9, 2010 he was waiting at the "Bus Stop" to visit with his mother when Defendant Sumner told Plaintiff to return to the Unit. *Id.* "The 'Bus Stop' is a covered breezeway where inmates housed in Unit 6 may sometimes wait to be transported to work assignments. Inmates waiting for a visitor are not allowed to wait at the 'Bus Stop' until they are called to the visitation area." Sumner Aff. ¶ 6, ECF No. 42-2. Sumner informed Plaintiff that he was not allowed to wait

---
[3] On January 2, 2012, the matter was reassigned from United States Magistrate Judge Paige J. Gossett to the undersigned. ECF No. 68.
[4] Other pending motions are addressed within.

unsupervised at the "Bus Stop" until his mother arrived and Plaintiff "would need to wait in the housing area until notified that his mother had signed in." *Id.* ¶ 9. Plaintiff states he followed Defendant Sumner back to the Unit and told Sumner "[y]ou're doing this on purpose and I intend to find out why." ECF No. 1-1 at 3. Sumner asserts that Plaintiff became angry and he felt threatened by Plaintiff. Sumner Aff. ¶ 11. Plaintiff was allowed to visit with his mother. Sumner filed an Incident Report concerning his earlier interaction with Plaintiff charging him with "Threatening to Inflict Harm on an Employee and/or Members of the Public." *Id.* ¶ 12. Plaintiff states that while Sumner was writing the Incident Report, Sumner was overheard saying "Hell no I want something that will get his fat ass locked up." ECF No. 1-1 at 3.

Plaintiff was informed of his pending charges and provided notice of a disciplinary hearing. ECF No. 1-1 at 3; 42-4 at 2. Plaintiff requested a counsel substitute but states this request was denied because Plaintiff was told he was "too educated." ECF No. 1-1 at 3. Plaintiff's disciplinary hearing was held on April 21, 2010. *Id.* Defendant Sumner testified, and Plaintiff asked the Disciplinary Hearing Officer ("DHO") to call the gatehouse guard, Sgt. Banks. According to Plaintiff, Sgt. Banks denied any knowledge regarding Plaintiff's charges, but stated she "wondered why Plaintiff was being returned to the Unit when his visitor was at the institution." *Id.* Plaintiff states he was denied the opportunity to present other testimony or written statements from his mother or other inmates. The disciplinary hearing record confirms Plaintiff was "not eligible" for counsel substitute, and was advised "that repetitive and/or non related testimony is not authorized." ECF No. 2-3 at 58. Plaintiff was found guilty based on Sumner's report and statement that he felt threatened. *Id.* Plaintiff's sanctions included 60 days cell restriction, and loss of 180 canteen days, telephone

privileges, and visitation. *Id.* Plaintiff's personal television and hobby-craft tools and supplies were also confiscated. ECF No. 1-1 at 3. Plaintiff contends that he was denied due process in regard to the April 9, 2010 charges when the DHO denied his request for substitute counsel, made no independent evaluation or investigation, refused to admit the written statement from another inmate, and refused to allow other inmates to testify at the hearing. *Id.* at 1. Plaintiff further contends that he was denied due process because SCDC's Operational Policy was violated when an independent party did not review the incident report or interview witnesses concerning Sumner's statements or Plaintiff's character or his prior actions. *Id.* at 4. Plaintiff also asserts state law claims for slander and libel. *Id.* at 2. The Complaint seeks monetary damages, as well as injunctive relief, including return or replacement of Plaintiff's property. ECF Nos. 1, 38.

II. Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The defendant "bears

the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III. Analysis

    A. Defendant Sumner's Motion for Summary Judgment

        1. Violation of Due Process

Defendant Sumner argues that he is entitled to summary judgment on Plaintiff's due process claims because none of the sanctions Plaintiff received as a result of the April 21, 2010 disciplinary hearing, amounted to "an atypical and significant hardship that [gave] rise to a protected liberty interest or property interest." ECF No. 42-1 at 14.

To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). The United States Constitution allows prison administrators wide ranging deference in their adoption and execution of policies and

practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *McKune v. Lile,* 536 U.S. 24, 39 (2002). A prison disciplinary action implicates a liberty interest requiring federal due process safeguards only when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff has failed to allege facts sufficient to establish that the conditions or duration of his confinement posed an atypical and significant hardship. Plaintiff's allegations that he was confined to his cell and denied canteen or telephone privileges do not establish a constitutionally protected liberty interest. *See Sandin,* 515 U.S. at 486 (holding that discipline in segregated confinement does not implicate constitutional liberty interests); *Jackson v. Smith*, 91 F.3d 130 (Table), 1996 WL 380254, at *1 (4th Cir. 1996) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary restrictions did not entitle inmate to due process protections during disciplinary proceeding); *Pierre v. Ozmint*, C/A No. 3:09–226–CMC–JRM, 2010 WL 679946 at *7 (D.S.C. Feb. 24, 2010) ("canteen access is [ ] not a protected liberty interest"); *United States v. Alkire*, No. 95–7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a phone while in prison). Additionally, neither convicted prisoners nor their family members have an inherent constitutional right to visitors because an inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence. *Harris v. Murray,* 761 F. Supp. 409, 412 (E.D. Va. 1990); *see also Sandin,* 515 U.S. at 481.

Moreover, Plaintiff does not have a constitutional right to possess any specific personal property. Possessing a television set is a privilege granted to some inmates by the SCDC and not a constitutional right. That a state rule exists does not necessarily create a protectable due process interest. *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1466 (4th Cir. 1990). In general, a prisoner does not set forth a claim for deprivation of his constitutional rights when he is denied a television set. Becon v. McKie, No. 3:00-2911-08BC, 2001 WL 34681740 at *3 (D.S.C. Aug. 13, 2001). Nor does Plaintiff have a federal constitutional right to participate in the prison hobby craft program. *See McKune*, 536 U.S. at 39 (finding an inmate's transfer to another facility does not implicate a liberty interest, even if it results in the loss of access to vocational, educational, recreational, and rehabilitative programs); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (finding no due process protections for loss of eligibility to participate in prison rehabilitative programs).

Even if Plaintiff is able to establish that a liberty interest or property interest was implicated by the April 2010 disciplinary action, the undersigned finds that Plaintiff was afforded constitutionally adequate due process. Under the standard set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), minimal due process for disciplinary hearings includes: (1) 24 hours advance written notice of charges; (2) written statement by factfinder as to evidence relied upon; (3) written statement by factfinder as to reason for disciplinary action taken; (4) opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (5) counsel substitute if inmate is illiterate or case is complex; (6) impartial hearing tribunal. *Wolff*, 418 U.S. at 563-70.

Defendant Sumner contends that he cannot be held personally liable for any due process violations because he had limited involvement with Plaintiff's disciplinary hearing procedures. ECF No. 42-1 at 18. Defendant states that he was not responsible for informing Plaintiff of the hearing, providing Plaintiff with a counsel substitute, admitting or weighing the evidence, making a determination of Plaintiff's guilt, or providing a written statement of the findings. *Id.* Defendant further argues that Plaintiff was afforded adequate due process and offers an affidavit from Melinda Poole, who serves as Recorder in the inmate disciplinary hearing system at Tyger River Correctional Institution. ECF No. 42-4 at 1. Ms. Poole attests that Plaintiff was notified of his hearing on April 15, 2010 and his hearing was held six days later. *Id.* at 2. Ms. Poole stated that she made the initial determination that Plaintiff was not eligible for counsel substitute pursuant to SCDC Policy and that this determination was later confirmed at the hearing. *Id.* Ms. Poole testifies that during the hearing, Plaintiff was given an opportunity to provide a list of witnesses and to make a statement in his defense. *Id.* Ms. Poole attests Plaintiff was also permitted the opportunity to confront his accuser. *Id.* at 3. Ms. Poole further testifies Plaintiff was provided a copy of the Disciplinary Report and Hearing Record after his conviction. *Id.* at 4.

In response, Plaintiff agrees that Defendant's description of his April 21, 2010 hearing is "correct to a point," but Plaintiff contends that he was not allowed to introduce another inmate's statement, nor his mother's statement. ECF No. 56 at 12. Plaintiff also contends that the reason he asked Sumner only one question was because he was offering Sumner "a way to save face and prevent further harm." *Id.* at 12-13.

A review of the evidence in the record establishes that the process afforded to Plaintiff met with minimal constitutional standards. Plaintiff was given 24-hour written

notice of his charges, provided a written statement by the factfinder as to evidence relied upon and reason for disciplinary action, and provided an opportunity to call witnesses and present written evidence. *See Wolff v. McDonnell*, 418 U.S. at 563-66. In addition, Plaintiff has not produced any evidence to support his contention that he was entitled to a counsel substitute or that the hearing tribunal was not impartial. Accordingly, Defendant Sumner is entitled to summary judgment on Plaintiff's due process claim.

To the extent Plaintiff claims that his due process rights were violated because Defendant failed to follow SCDC policies, this claim must also fail because it does not rise to the level of a constitutional violation. The "Constitution creates no entitlement to … any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Allegations that Defendant Sumner did not follow SCDC's policies or procedures, standing alone, does not amount to a constitutional violation. *See Riccio*, 907 F.2d at 1469 (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

    2. Qualified Immunity

Defendant Sumner also asserts that he is entitled to qualified immunity arguing that the filing of a disciplinary charge and testifying at a disciplinary hearing did not deprive Plaintiff of any due process rights. ECF No. 42-1 at 20-21.

The Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. at 818, established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case – that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted – then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court establishes Defendant Sumner performed the discretionary functions of his official duties in an objectively reasonable fashion, and did not transgress any statutory or constitutional rights of Plaintiff of which he was aware. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends Defendant Sumner be granted qualified immunity.

    3. Eleventh Amendment

Defendant also asserts Plaintiff's claims for damages against him in his official capacity are barred by the Eleventh Amendment. ECF No. 42-1 at 22. In *Will v. Michigan Dept. of State Police*, the Supreme Court found that state officials are entitled to Eleventh

Amendment immunity because a lawsuit against state officials acting in their official capacity is actually a lawsuit against the state. 491 U.S. 58, 71 (1989). The State has immunity from suit pursuant to the Eleventh Amendment of the Constitution. Additionally, defendants sued in their official capacity are not "persons" within the meaning of § 1983. *Id.* As a result, Defendant Sumner may not be sued under §1983 for damages in his official capacity. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Sumner in his official capacity should also be dismissed.

B. Plaintiff's Motion to Compel

Plaintiff filed a Motion to Compel on September 15, 2011 contending that he sent requests on August 8, 2011 asking Defendants to produce Defendant Sumner's entire personnel file for his employment at Tyger River Correctional Institution and Defendants failed to answer. ECF No. 41. In his response opposing the motion, Defendant Sumner states, incorrectly, that the discovery document appears to be a request to this Court for leave to serve a subpoena for documents upon third-party SCDC. ECF No. 43 at 2. Defendant Sumner also contends that his SCDC personnel files are not in his possession and that he cannot compel the SCDC to produce documents. *Id.*

Rule 37, Fed. R. Civ. P. provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal

citation omitted); *LaRouche v. Nat'l Broad. Co*., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.")

The undersigned finds that Plaintiff has not produced any evidence that Defendant Sumner is in "possession, custody or control" of his SCDC personnel file. Fed. R. Civ. P. 34(a)(1). Therefore, the undersigned recommends that Plaintiff's Motion to Compel be denied.

C. Plaintiff's Motions for Subpoenas

Plaintiff also filed three Motions for Subpoenas on October 12, 2011, January 19, 2012, and February 15, 2012, requesting that the court issue a subpoena duces tecum and order SCDC to produce documents pertaining to Defendant Sumner's work history with SCDC. ECF No. 47, 74, 76. Defendant responded to Plaintiff's motions on February 6, 2012, arguing that Plaintiff's request should be denied because Plaintiff's request is not timely and seeks discovery of evidence not relevant to Plaintiff's claims. ECF No. 75.

The undersigned finds that Plaintiff's request for Defendant Sumner's personnel file is not relevant to Plaintiff's federal claims. As detailed above, the undersigned recommends granting Defendant's Motion for Summary Judgment as to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, and therefore recommends denying Plaintiff's Motions for Subpoena.

IV. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendant's motion, ECF No. 42, be granted and recommends dismissal of Plaintiff's claims brought under 42 U.S.C. § 1983. Having found Defendant is entitled to summary judgment regarding Plaintiff's constitutional claims, the undersigned recommends that the court decline to exercise

supplemental jurisdiction over Plaintiff's state law claim for slander and libel. *See* 28 U.S.C. § 1367(c)(3). The undersigned further recommends the court deny Plaintiff's Motion to Compel, ECF No. 41, and Motions for Subpoena, ECF Nos. 47, 74.

    IT IS SO RECOMMENDED.

July 19, 2012                                                       Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached**

**"Notice of Right to File Objections to Report and Recommendation."**