IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roy Allen Roberts, ) | |
| ) | C/A No. 5:11-002-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Cpl. Charlie Sumner, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Roy Allen Roberts ("Plaintiff"), a state prisoner proceeding pro se brings this action pursuant to 42 U.S.C. § 1983. On July 19, 2012, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that the Defendant's Motion for Summary Judgment (Dkt. # 42) be granted and the court decline to exercise supplemental jurisdiction over Plaintiff's state claim for slander and libel.[1] She also recommended that Plaintiff's Motions to Compel (Dkt. # 41) and for Subpoenas (Dkt. # 47 and 74) be denied. Plaintiff filed objections to the Magistrate Judge's Report on August 13, 2012. (Dkt. # 86). After reviewing the record, the court overrules Plaintiff's objections and adopts the Report.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a Magistrate Judge.

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Defendant's Motion for Summary be granted and that Plaintiff's case be dismissed. The Magistrate Judge further recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claim for slander and libel and that the Plaintiff's Motion to Compel and Motions for Subpoenas be denied. As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed. However, the majority of his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections.

First, Plaintiff contends that "per [South Carolina Department of Corrections] policy, someone was <u>supposed</u> to review the incident report which was not done, (due process) also the Plaintiff was denied access to a counsel substitute because he was deemed too educated when in fact this case was so complex that Plaintiff was unable to get witness testimony because they were afraid of the consequences." (Objections at 1)(emphasis in original).

As the Magistrate Judge noted, to the extent Plaintiff is asserting a claim based on the Defendants' alleged violation of, or failure to follow, their own policies and procedures, this assertion fails to set forth a claim of a constitutional magnitude. (Report at 9). The failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. *See Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C. 1992)(holding violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). *See also Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)(holding if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Further, as to Plaintiff's claim regarding substitute counsel, in *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that in a prison disciplinary proceeding where a prisoner's liberty interest is at stake due process requires that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle

alone. *Wolff*, 418 U.S. at 563–72. Plaintiff does not allege that he is illiterate. Rather Plaintiff alleges that the disciplinary proceeding was so complex as to require assistance simply because he was unable to get witnesses to testify or give statements due to their fear of the consequences. (Objections at 1). Plaintiff's inability to obtain statements or testimony from witnesses did not render the legal issues in his disciplinary proceeding complex and, therefore, he did not have to be afforded counsel substitute under the circumstances in this case. *See Wolff*, 418 U.S. at 569-70 (limited right to counsel substitute where inmate is illiterate or issues are complex).

Moreover, Plaintiff does not have an unqualified constitutional right to call or confront witnesses at a prison disciplinary proceeding. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566; *see also Brown v. Braxton*, 373 F.3d 501, 505 (4th Cir. 2004).

Second, Plaintiff objects to the Magistrate Judge's finding that Plaintiff's disciplinary conviction did not violate his due process rights. As a result of his disciplinary conviction, Plaintiff was sanctioned with sixty days of cell confinement, the loss of 180 days of canteen, telephone, and visitation privileges, and the loss of hobbycraft program privileges. Plaintiff contends that his definition and the court's definition of what constitutes "an atypical and significant hardship" are entirely different.

The first step in analyzing a procedural due process claim is whether the alleged deprivation impacts a protected liberty or property interest. *See Beverati v. Smith,* 120 F.3d 500, 502 (4th Cir.1997). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or (2) the confinement creates an "atypical or significant hardship" and the government has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). "[C]hanges in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which

every prisoner can anticipate are contemplated by his original sentence to prison. . . ." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991); *See Beverati*, 120 F.3d at 503 (holding administrative segregation for six months with vermin, human waste, flooded toilet, unbearable heat, no outside recreation. no educational or religious services, less food, etc., was not so atypical as to impose significant hardship).

While Plaintiff may personally disagree, the law is clear - Plaintiff has failed to allege a constitutional violation in regard to his segregation and loss of telephone, visitation, and canteen privileges. *See Chestnut v. Brown*, 2012 WL 3230663 *3 (D.S.C. June 19, 2012) (citing cases holding no constitutional violation in regard to loss of telephone, visitation, or canteen privileges). As Plaintiff has not alleged an atypical and significant hardship, he fails to state a valid due process claim.

After a thorough review of the Report and the record, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Defendant's Motion for Summary Judgment (Dkt. # 42) is **GRANTED** and that the Plaintiff's action is **DISMISSED**. It is further ordered that the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for slander and libel and that the Plaintiff's Motions to Compel (Dkt. # 41) and for Subpoenas (Dkt. # 47 and 74) are **DENIED.**

**IT IS SO ORDERED.**

           s/Timothy M. Cain
           United States District Judge

Anderson, South Carolina
August 23, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.